UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

WILMAN MAURICIO CARTUCHE
BELTRAN

      Petitioner,

  v.

ANTONE MONIZ, Superintendent,
Plymouth County Correctional Facility
TODD LYONS, Acting Director of U.S.
Immigration and Customs Enforcement,
PATRICIA HYDE, New England Field
Office Director of U.S. Immigration and
Customs Enforcement,
MARKWAYNE MULLIN, Secretary of
Homeland Security,
SIRCE OWEN, Acting Director of the
Executive Office for Immigration Review,
and
TODD BLANCHE, Acting U.S. Attorney
General

      Defendants.

**VERIFIED PETITION FOR A WRIT OF
HABEAS CORPUS**
**(Expedited Consideration Requested)**


Case Number:  1:26-cv-12949

## INTRODUCTION

1. Petitioner, Wilman Mauricio Cartuche Beltran ("Wilman"), is a forty-three-year-old native and citizen of Ecuador. Petitioner has been living in the United States since 2021. The Petitioner entered the United States without inspection or admission.

2. Petitioner is a resident of Lewiston, Maine. Wilman has a U.S. citizen 4-year-old child, a stable job, and has been a member of Lewiston's community for the past three years.

3. On or about June 16, 2026, Petitioner was arrested by Immigration and Customs Enforcement ("ICE") agents on his way to work. Wilman was in the back of the car when ICE officers stopped the vehicle and took him into custody.

4.  ICE officers took Petitioner to the ICE Office in Burlington, MA, where he was processed and eventually transferred to Plymouth County Correctional Facility, where he remains detained.

5.  Petitioner's family is very concerned that the Petitioner will soon be moved out of state to another facility. Thus, Undersigned Counsel has filed the instant emergency habeas petition.

6.  Petitioner has no prior removal order.

7.  On information and belief, Petitioner has no criminal record.

8.  There was and is no lawful basis for Petitioner's arrest and detention.

9.  Petitioner is subject to detention, if at all, under 8 U.S.C. § 1226(a).  On information and belief, he is a *Guerrero Orellana v. Hyde et al.* class member.  *Guerrero Orellana v. Hyde et al*, No. 25-cv-12664-PBS.  Thus, he is entitled to a custody hearing.

10. As a person detained under 8 U.S.C. § 1226(a), Petitioner must, upon his request, receive a custody redetermination hearing (colloquially called a "bond hearing") with strong procedural protections. *See Walterdez-Lara v. Lyons*, 10 F.4th 19, 41 (1st Cir. 2021); *Doe v. Tompkins*, 11 F.4th 1, 2 (1st Cir. 2021); *Brito v. Garland*, 22 F.4th 240, 256-57 (1st Cir. 2021) (affirming class- wide declaratory judgment); 8 C.F.R. 236.1(d) & 1003.19(a)-(f).

11. Petitioner requests such a bond hearing.

12. Petitioner is being irreparably harmed by his ongoing unlawful detention without a bond hearing.  *See Aguiriano*, 2025 WL 2403827, at *6-8 (no exhaustion required because "[o]bviously, the loss of liberty is a . . . severe form of irreparable injury" (internal quotation marks omitted)); *Flores Powell v. Chadbourne*, 677 F. Supp. 2d 455, 463 (D. Mass. 2010) (declining to require administrative exhaustion, including because "[a] loss of liberty may be an irreparable harm"); *cf Brito v. Garland*, 22 F.4th 240, 256 (1st Cir. 2021) (citing *Bois v. Marsh*, 801 F.2d 462 468 (D.C. Cir. 1986), for proposition that "'[e]xhaustion might not be required if [the petitioner] were challenging her incarceration . . . or the ongoing

deprivation of some other liberty interest'"). The Immigration Court lacks jurisdiction to adjudicate the constitutional claims raised by Petitioner, and any attempt to raise such claims would be futile. *See Flores-Powell*, 677 F. Supp. 2d at 463 (holding "exhaustion is excused by the BIA's lack of authority to adjudicate constitutional questions and its prior interpretation" of the relevant statute).

## JURISDICTION AND VENUE

13. This Court has subject matter jurisdiction under 28 U.S.C. § 2241 (habeas corpus) and 28 U.S.C. § 1331 (federal question).

14. Venue is proper because, on information and belief, Petitioner is being held at Plymouth County Correctional Facility, in Plymouth, MA.

## PARTIES

15. The Petitioner **Wilman Mauricio Cartuche Beltran** is a forty-three-year-old Ecuadoran national who resides in Lewiston, Maine and is being held in ICE detention in Plymouth, Massachusetts.

16. Respondent **Antone Moniz** is the Superintendent of the Plymouth County Correctional Facility and is Petitioner's immediate custodian.

17. Respondent **Todd Lyons** is sued in his official capacity as Acting Director of ICE, and as such is the legal custodian of Petitioner.

18. Respondent **Patricia Hyde** is the New England Field Office Director for U.S. Immigration and Customs Enforcement.

19. Respondent **Markwayne Mullin** is named in his official capacity as the Secretary of the U.S. Department of Homeland Security. In this capacity, he is responsible for overseeing ICE's day-to-day operations, leading approximately 20,000 ICE employees, including

Respondent Lyons. Secretary Mullin is the ultimate legal custodian of Petitioner.

20. Respondent **Sirce Owen** sued in his capacity as the Acting Director of the Executive Office for Immigration Review.

21. Respondent **Todd Blanche** is the Acting Attorney General of the United States. As Acting Attorney General, Respondent Blanche oversees the immigration court system, including the immigration judges who conduct bond hearings as his designees, and is responsible for the administration of immigration laws pursuant to 8 U.S.C. § 1103(g). He is legally responsible for administering Wilman's removal and bond proceedings, including the standards used in those proceedings, and as such, he is Wilman's legal custodian. He is sued in his official capacity.

22. All respondents are named in their official capacities. One or more of the respondents is Petitioner's immediate custodian.

## FACTS

23. Petitioner was born in Ecuador. Petitioner came to the United States via the southern border around 2021. He has been living peacefully in Lewiston, Maine for the last three years.

24. Petitioner lives with his partner and their 4-year-old U.S. citizen child. He is the primary financial provider for his family and has been working in roofing and construction since he arrived in Maine.

25. Petitioner is currently in immigration proceedings waiting for his preliminary hearing scheduled for June 29, 2026 at 1:30 PM.

26. The Petitioner was arrested while on his way to work. He was transferred and processed at an ICE Office in Burlington, Massachusetts and moved that same day to Plymouth County Correctional Facility.

27. On information and belief, the Petitioner remains in ICE custody at Plymouth County

Correctional Facility.

## CLAIMS FOR RELIEF

### COUNT ONE
### Violation of 8 U.S.C. 1226(a) and Associated Regulations

28. Petitioner repeats and realleges the allegations contained in the preceding paragraphs of the Petition as if fully set forth herein.

29. Petitioner may be detained, if at all, pursuant to 8 U.S.C. § 1226(a).

30. Under § 1226(a) and its associated regulations, Petitioner is entitled to a bond hearing. S*ee* 8 C.F.R. 236.1(d) & 1003.19(a)-(f).

31. Petitioner has not been, and will not be, provided with a bond hearing as required by law. On information and belief, the Chief Immigration Judge has instructed Immigration Judges not to follow the order in *Guerrero Orellana v. Hyde et al*, No. 25-cv-12664-PBS and to only allow jurisdiction for a custody hearing if an individualized habeas is granted.

32. Petitioner's continuing detention is therefore unlawful.

### COUNT TWO

### Violation of Fifth Amendment Right to Due Process (Failure to Provide Bond Hearing Under 8 U.S.C. § 1226(a))

33. Petitioner repeats and realleges the allegations contained in the preceding paragraphs of this Petition as if fully set forth herein.

34. Because Petitioner is a person arrested inside the United States and is subject to detention, if at all, under 8 U.S.C. § 1226(a), the Due Process Clause of the Fifth Amendment to the United States Constitution requires that Petitioner receive a bond hearing with strong procedural protections.  *See Walterdez-Lara*, 10 F.4th at 41; *Doe*, 11 F.4th at 2; *Brito*, 22 F.4th at 256-57.

35. Petitioner has not been, and will not be, provided with a bond hearing as required by law.

36. Petitioner's continuing detention is therefore unlawful.

**COUNT THREE**
**Violation of Fifth Amendment Right to Due Process**
**(Failure to Provide an Individualized Hearing for Domestic Civil Detention)**

37. Petitioner repeats and realleges the allegations contained in the preceding paragraphs of this Petition as if fully set forth herein.

38. "In our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *United States v. Salerno*, 481 U.S. 739, 755 (1987).

39. The Fifth Amendment's Due Process Clause specifically forbids the Government to "deprive[]" any "person . . . of . . . liberty . . . without due process of law." U.S. CONST. amend. V.

40. "[T]he Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001); *see Shaughnessy v. United States ex rel. Mezei*, 345 U.S. 206, 212 (1953) ("[A]liens who have once passed through our gates, even illegally, may be expelled only after proceedings conforming to traditional standards of fairness encompassed in due process of law"); *cf. Department of Homeland Security v. Thuraissigiam*, 591 U.S. 103, 139-40 (2020) (holding noncitizens due process rights were limited where the person was not residing in the United States, but rather had been arrested 25 yards into U.S. territory, apparently moments after he crossed the border while he was still "on the threshold").

41. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty" protected by the Due Process Clause.

*Zadvydas*, 533 U.S. 678 at (2001)

42. The Supreme Court has thus "repeatedly recognized that civil commitment for any purpose constitutes a significant deprivation of liberty that requires due process protection," including an individualized detention hearing. *Addington v. Texas*, 441 U.S. 418, 425 (1979) (collecting cases); *see also Salerno*, 481 U.S. at 755 (requiring individualized hearing and strong procedural protections for detention of people charged with federal crimes); *Foucha v. Louisiana,* 504 U.S. 71, 81-83 (1992) (same for civil commitment for mental illness); *Kansas v. Hendricks,* 521 U.S. 346, 357 (1997) (same for commitment of sex offenders).

43. Petitioner was arrested inside the United States and is being held without being provided any individualized detention hearing.

44. Petitioner's continuing detention is therefore unlawful, regardless of what statute might apply to purportedly authorize such detention.

## COUNT FOUR
### Violation of Fifth Amendment Right to Due Process (Substantive Due Process)

45. Petitioner repeats and realleges the allegations contained in the preceding paragraphs of this Petition as if fully set forth herein.

46. Because Petitioner is not being provided a bond hearing, the government is not taking any steps to effectuate its substantive obligation to ensure that immigration detention bears a "reasonable relation" to the purposes of immigration detention (*i.e.*, the prevention of flight and danger to the community during the pendency of removal proceedings) and is not impermissibly punitive. *See Zadvydas*, 533 U.S. at 690; *Demore*, 538 U.S. at 532-33 (Kennedy, J., concurring).

47. Petitioner's detention is therefore unlawful, regardless of what statute might apply to

purportedly authorize such detention.

## COUNT FIVE
### Violation of Fourth Amendment (Unreasonable Seizures)

48. Petitioner repeats and realleges the allegations contained in the preceding paragraphs of this Petition as if fully set forth herein.

49. The Fourth Amendment guarantees that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing…the persons or things to be seized." U.S. CONST. amend. IV.

50. Except at the border and its functional equivalents, the Fourth Amendment prohibits defendants from conducting a detentive stop to question a person without reasonable suspicion that a person is a noncitizen unlawfully in the United States. *United States v. Brignoni-Ponce*, 422 U.S. 873, 884 (1975) ("Except at the border and its functional equivalents, patrolling officers may stop vehicles only if they are aware of specific articulable facts, together with rational inferences therefrom, reasonably warranting suspicion that the vehicles contain aliens who may be illegally in the country.")

## COUNT SIX
### Violation of 8 U.S.C. § 1357(a)(2)
### (Warrantless Arrest Without Probable Cause of Flight Risk)

51. Petitioner repeats and realleges the allegations contained in the preceding paragraphs of this Petition as if fully set forth herein.

52. 8 U.S.C. § 1357(a)(2) requires that arrests without a warrant be accompanied by "reason to believe" that an individual is "likely to escape before a warrant can be obtained for his arrest."

**PRAYER FOR RELIEF**

Wherefore, Petitioner respectfully requests this Court to grant the following:

(1)  Assume and maintain jurisdiction over this matter;

(2)  Order that Petitioner shall not be transferred outside the District of Massachusetts;

(3)  Issue an Order to Show Cause ordering Respondents to show cause why this Petition should not be granted within three days;

(4)  Declare that Petitioner's detention is unlawful;

(5)  Issue a Writ of Habeas Corpus ordering Respondents to release Petitioner immediately, or, in the alternative, provide Petitioner with a bond hearing and order Petitioner's release on conditions the Court deems just and proper; and

(6)  Grant any further relief this Court deems just and proper.

Dated this 28th of June, 2026

Respectfully submitted,

*/s/ Eliana C. Nader*
*Eliana C. Nader, Esquire*
Attorney for the Petitioner
MAGALETTA, McCARTHY & NADER, PC

76 Canal Street, Suite 200
Boston, MA 02114
BBO #: 676182

<u>CERTIFICATE OF SERVICE</u>

CERTIFICATE OF SERVICE I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

Dated: June 28, 2026

Respectfully submitted,

**Wilman Mauricio Cartuche Beltran**

  */s/ Eliana C. Nader*
*Eliana C. Nader, Esquire*
Attorney for the Petitioner
MAGALETTA, McCARTHY & NADER, PC

76 Canal Street, Suite 200
Boston, MA 02114

BBO #: 676182